**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA KELLERER, | No.    15-56653 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00078-DDP-JEM |
| v. | |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, Erroneously Sued As Allied Property and Casualty Insurance Company, a Nationwide Company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted April 3, 2017[**]
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BEA and OWENS, Circuit Judges, and CHHABRIA,[***] District Judge.

Barbara Kellerer appeals the district court's grant of summary judgment in favor of Allied Property and Casualty Insurance Company ("Allied"). Allied declined to defend Kellerer against a claim brought by a day laborer, Pedro Guzman, who sued Kellerer after he allegedly sustained an injury while working on Kellerer's property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under California law, when an insured seeks declaratory relief that an insurer owes her a duty to defend, "the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential." *Montrose Chem. Corp. v. Super. Ct.*, 861 P.2d 1153, 1161 (Cal. 1993) (emphasis omitted). Whether Guzman's claim against Kellerer created a "potential for coverage"—and thus a duty to defend Kellerer against Guzman's claim—"is a question which is not judged on the basis of hindsight but rather from all of the information available to the insurer at the time of the tender of the defense." *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 9 Cal. Rptr. 2d 894, 903 (Ct. App. 1992). Kellerer did not submit information to Allied regarding Kellerer's alleged

---

[***] The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

personal cash payments to Guzman for the work Kellerer claims Guzman did for her until more than two years after Allied had declined to defend Kellerer against Guzman's claim.[1] Therefore, the district court did not err when it refused to consider the later-developed information concerning Kellerer's alleged cash payments to Guzman. *Id.*

2. The district court also did not err in concluding that Guzman's claim fell within the "business pursuits" exclusion in Allied's insurance policies.[2] Based on the information available to Allied at the time it denied coverage—that Guzman

---

[1] In support of her motion for summary judgment, Kellerer filed declarations in August and September of 2015, in which she stated that she personally paid Guzman in cash on some days for the work Kellerer claims Guzman performed for her. Kellerer also submitted a calendar that included a note regarding a $20 cash payment to Guzman on the date of Guzman's alleged injury. The district court noted that the calendar submitted by Kellerer appeared to be the exact same calendar submitted to Allied during Guzman's proceedings before the Workers' Compensation Appeals Board, except for the added note regarding the alleged $20 cash payment.

[2] Kellerer's homeowners insurance policy, which she purchased through Allied, included the following "business pursuits" exclusion: "Coverages E [Personal Liability] and F [Medical Payments to Others] do not apply to . . . '[b]odily injury' or 'property damage' arising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured', whether or not the 'business' is owned or operated by an 'insured' or employs an 'insured.'" Kellerer's umbrella liability insurance policy, also purchased through Allied, contained the following provision: "The coverages provided by this policy do not apply to . . . '[b]odily injury', 'personal injury' or 'property damage' arising out of or in connection with a 'business' engaged in by an 'insured.'"

3

was paid by the Our Children Their Future Foundation (the "Foundation"), and that Kellerer hired Guzman to prepare Kellerer's property for use by the Foundation—no potential for coverage existed because Guzman's claim arose "out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured'[.]"

Guzman's statement to Allied that he "think[s]" he made "somewhere around [the] amount" of $3,000, "more or less," even though the checks from the Foundation totaled only $1,480, did not create a triable issue of fact as to whether Guzman was hired by Kellerer, rather than the Foundation. Even if Guzman received additional payments beyond what was documented by the copies of Foundation checks Kellerer submitted to Allied, Kellerer told Allied that she paid Guzman from the Foundation, and did not tell Allied that she personally paid Guzman for any services. Allied established the absence of any potential for coverage due to the "business pursuits" exclusion in the insurance policies. Therefore, the district court properly granted Allied's motion for summary judgment. *See Montrose*, 861 P.2d at 1157.

3. Allied did not concede the existence of any triable issues of fact that would preclude summary judgment. In its opposition to Kellerer's motion for summary judgment, Allied argued that if the district court found triable issues of

4

fact with regard to Allied's duty to defend—and thus denied Allied's motion for summary judgment—the district court could not grant Kellerer's motion for summary judgment due to those triable issues of fact. Allied's argument in the alternative does not concede the existence of any triable issues of fact.

**AFFIRMED.**